OPINION
{¶ 1} On October 13, 2005, a complaint was filed alleging appellee, James Kovalchik, II, a juvenile, to be a delinquent child for committing the offenses of breaking and entering in violation of R.C. 2911.13, vandalism in violation of R.C.2909.05, criminal damaging in violation of R.C. 2909.06 and criminal trespass in violation of R.C. 2911.21. Said charges arose from an incident wherein a church in Guernsey County, Ohio was broken into and damaged. At the time of the incident, appellee was seven years old.
 {¶ 2} On February 21, 2006, appellee filed a motion to suppress and a motion to dismiss, claiming he was not competent to stand trial because he could not effectively communicate with his trial counsel. A hearing was held on May 2, 2006. By journal entry filed May 10, 2006, the trial court denied the motions based on the reasons set forth in the motions, but dismissed the case because appellant, the state of Ohio, would be unable to prove beyond a reasonable doubt the requisite intent to commit the aforementioned offenses. The trial court referred the matter to the probation division of the court "to be administered upon an informal basis."
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE STATE OF OHIO WOULD BE UNABLE TO PROVE THE REQUISITE INTENT BEYOND A REASONABLE DOUBT WITHOUT FIRST ALLOWING THE STATE TO PRESENT THE EVIDENCE OF THE CASE."
 I {¶ 5} Appellant claims the trial court erred in dismissing the complaint and referring the matter to informal treatment. We agree.
 {¶ 6} Appellant argues the trial court erred in dismissing the complaint on the basis that it could not sustain a conviction because it could not prove beyond a reasonable doubt the requisite intent necessary to commit the offenses. Appellant correctly points out that appellee's motion to dismiss was based upon his lack of competency to stand trial and participate in his own defense. The trial court's decision denied the motion on this argument and found appellee to be competent to stand trial. In fact, a review of the hearing transcript establishes the gravamen of the inquiry was not on appellee's ability to form criminal intent, but on appellee's ability to participate in his defense, his ability to accurately relate the true nature of the facts and events, his success in school and his ability to relate to his attorney.
 {¶ 7} No where in the record is there any evidence of appellee's state of mind or ability to formulate criminal intent. In its journal entry, the trial court found, without benefit of an adjudicatory hearing as mandated by R.C. 2151.35 and Juv.R. 29, that appellant "might be able to show a `scintilla' of the requisite intent as enumerated above, but it will not be able to show the `beyond a reasonable doubt' standard as required by Revised Code Section 2151.35 (A)." The trial court noted its procedure "has been to handle first time complaints as well as children under twelve and especially under 10 on an informal basis."
 {¶ 8} Juv.R. 9 permits informal action in appropriate cases:
 {¶ 9} "(A) Court action to be avoided
 {¶ 10} "In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court.
 {¶ 11} "(B) Screening; referral
 {¶ 12} "Information that a child is within the court's jurisdiction may be informally screened prior to the filing of a complaint to determine whether the filing of a complaint is in the best interest of the child and the public."
 {¶ 13} We note in this case, formal action was initiated by appellant via the filing of the complaint, thereby passing over Juv.R. 9.
 {¶ 14} We are loath to deny the trial court the ability to informally handle juvenile cases. However, in the case sub judice, appellee was given the opportunity to dispute only the issue of competency to stand trial and not the issue of culpability. As a result, we find the trial court's decision on the issue of requisite intent was premature.
 {¶ 15} Upon review, we find the trial court erred in dismissing the complaint and referring the matter to informal treatment.
 {¶ 16} The sole assignment of error is granted.
 {¶ 17} The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is hereby reversed.
By Farmer, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.